**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| FRED JAY OTTO,<br><br>    Plaintiff,<br>  v.<br>ROSS QUINN, et al.,<br><br>    Defendants. | No. ED CV-16-1883-AB (AS)<br><br>**ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND** |

**I. INTRODUCTION**

On September 18, 2017, Plaintiff Fred Jay Otto ("Plaintiff"), an inmate at the Federal Correctional Institute in Victorville, California ("Victorville I"), proceeding pro se, filed a Third Amended Complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 3888 (1971) and the Federal Tort Claims Act ("FTCA"), for compensatory damages. (Docket Entry No. 21 ("TAC")).[1] The Third Amended Complaint follows the Court's dismissal, with leave to amend, of Plaintiff's Complaint on December

---
[1] Pages in the SAC are cited as if they are consecutively paginated, the first page being "1."

1

28, 2016, his First Amended Complaint on June 14, 2017, and his Second Amended Complaint on August 18, 2017. (Docket Entry Nos. 11, 16, 19).

The Court has screened the Third Amended Complaint as prescribed by 28 U.S.C. § 1915A(b). For the reasons discussed below, the Third Amended Complaint is DISMISSED with leave to amend.[2]

## II. THIRD AMENDED COMPLAINT

The three-count Third Amended Complaint names two Defendants, Ross Quinn ("Quinn") and L. Carrington ("Carrington"), both in their individual capacities. (TAC at 3, 5, 7, 9, 15-19). Plaintiff voluntarily dismissed the following four Defendants who were named in his previous pleadings: (1) Warden Randy Tews ("Tews"); (2) Linda Aragon ("Aragon"); (3) Franklin Rutledge ("Rutledge"); and (4) the United States government. (Docket Entry No. 20; TAC at 7).

In Count One, Plaintiff alleges that Quinn violated his First, Fifth, and Eighth Amendment rights by acting with deliberate indifference to Plaintiff's medical needs. (TAC at 15-16). Plaintiff claims that Quinn knowingly and intentionally conspired with Dr. Hall, an orthopedic physician, to falsify medical documents in order to lower Plaintiff's medical care inmate level from level four (the highest level) to level two. (TAC at 15-16). One of these documents was a falsified health re-assessment, dated January 28,

---

[2] A Magistrate Judge may dismiss a complaint with leave to amend without the approval of a District Judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

2016, that Plaintiff claims he was not present for. (Id. at 16). As a result of the level change, Plaintiff was transferred from the Federal Medical Center in Butner, North Carolina, a level-four facility where he was being treated for acute liver disease, throat cancer, and debilitating chronic pain, to Victorville I, a level three facility. (Id. at 15). According to Plaintiff, Quinn orchestrated the transfer in retaliation for Plaintiff's administrative complaints. (Id. at 16). Plaintiff allegedly heard Quinn tell Plaintiff's Victorville I physician that he was aware of Plaintiff's level four status and that he "personally approved his transfer from Butner." (Id.). Plaintiff alleges that "Quinn did not allow Plaintiff to be medically treated for anything," and, "in concert with others," altered Plaintiff's pain medication, which he had been taking for the past twelve years. (Id. at 15). Because of Quinn's acts and omissions, Plaintiff allegedly suffered "unnecessary and wanton infliction of pain." (Id. at 16).

In Count Two, Plaintiff asserts that Carrington violated his First, Fifth, and Eighth Amendment rights by conspiring and retaliating against him, as well as through medical negligence and deliberate indifference to Plaintiff's medical needs. (Id. at 17-18). Plaintiff asserts that Carrington retaliated against him for filing administrative grievances by writing him up for improperly taking his pain medication. (Id. at 18). As the administrator of medications, Carrington was allegedly aware of a doctor's order to "crush and float in water" Plaintiff's Oxycodone pills, and Carrington had previously administered Plaintiff's pills in this fashion. (Id. at 17). Plaintiff alleges that on February 25, 2016, Carrington crushed the Oxycodone pill into a cup and ordered

3

Plaintiff to consume it without water. (Id.). Plaintiff explained to Carrington that he could not swallow the crushed pill without water because of his dry mouth from the throat cancer and asked for water. (Id. at 17-18). Carrington refused to provide Plaintiff with water, giving him the option of taking the pill as it was or "sign[ing] a refusal form." (Id. at 18). Plaintiff attempted to swallow the crushed pill, but he unintentionally coughed up a "small particle" of the pill, which hit a window. (Id.) Carrington then ordered Plaintiff to open his mouth and observed small particles still in his mouth. (Id.). Carrington allegedly stated, "Now I can write you up, for abusing your meds, that's what you get for filing complaints, and always coming to my window complaining. Now you may have some water." (Id.).

Count Three of the Third Amended Complaint is a conspiracy claim against both Defendants for retaliation and medical negligence in violation of Plaintiff's First, Fifth, and Eighth Amendment rights. (Id. at 19). The alleged conspirators include Tews, Aragon, and Rutledge, the individuals whom Plaintiff voluntarily dismissed from the case upon filing the Third Amended Complaint.[3] (Id.). Plaintiff asserts, among other things, that Quinn ordered the medical staff not to treat Plaintiff and to give him only "minimal pain medication[,] [c]ontrary to Plaintiff's medical condition." (Id.). Plaintiff also alleges that "Carrington stated to Plaintiff that they (Staff) are here to punish Plaintiff and deviated from policy and protocol for the intent of causing unnecessary pain and suffering to Plaintiff." (Id.).

---

[3] Plaintiff refers to "Defendant Tews" in Count Three here, (TAC at 19), despite having dismissed Tews.

4

**III. STANDARD OF REVIEW**

Congress mandates that District Courts initially screen civil complaints filed by prisoners seeking redress from governmental entities or employees. 28 U.S.C. § 1915A(b). A court may dismiss such a complaint, or any portion thereof, before service of process, if that court concludes that the complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 n.7 (9th Cir. 2000) (en banc).

To state a claim for which relief may be granted, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition, a court must interpret a pro se complaint liberally and construe all material allegations of fact in the light most favorable to the plaintiff. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("[A] complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'") (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)). However, a court does not have to accept as true mere legal conclusions. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Furthermore, in giving liberal

interpretation to a pro se complaint, a court may not supply essential elements of a claim that were not initially pled. Pena v. Gardner, 976 F.2d 469, 471-72 (9th Cir. 1992).

**IV. DISCUSSION**

In dismissing Plaintiff's seven-count Second Amended Complaint with leave to amend, the Court pointed to various legal deficiencies in his claims and allegations. The Court also noted, however, that two particular claims passed muster: (1) a claim against Quinn for deliberate indifference to serious medical needs and (2) a retaliation claim against Carrington. (Docket Entry No. 19, at 9, 12-13). For the Third Amended Complaint, Plaintiff retains these two claims and Defendants, while discarding the other Defendants and most of the other claims. (TAC at 3, 5, 7, 9, 15-19). But the pared-down, three-count pleading remains deficient in certain respects.

First, while Count Two manages to state a retaliation claim against Carrington, this count is deficient to the extent that it also attempts to assert claims of conspiracy and deliberate indifference to serious medical needs. Plaintiff fails to state a claim of deliberate indifference against Carrington because, while Carrington's actions may have caused Plaintiff discomfort from dry mouth, these actions did not place his health or safety at an excessive risk of harm. Cf. Farmer v. Brennan, 511 U.S. 825, 837 (1994); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). The allegations also fail to establish that Carrington conspired with anyone else in the conduct at issue. Accordingly, Plaintiff's Count

6

Two claims against Carrington for conspiracy and deliberate indifference must be DISMISSED with leave to amend.

Second, Count Three fails to state a claim. Count Three asserts that "all Defendants" conspired in retaliation and medical negligence. (TAC at 19). Plaintiff's allegations fail to show any conspiracy involving Carrington, and they also fail to show that Quinn retaliated or conspired to retaliate against Plaintiff. Plaintiff does not, for instance, allege facts showing a causal connection between Quinn's actions and Plaintiff's protected conduct. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (a prison retaliation claim requires allegations that, among other things, the defendant took adverse action against an inmate <u>because of</u> the inmate's protected conduct). Accordingly, Count Three must be DISMISSED with leave to amend.

**V. ORDER**

For the reasons stated above, Plaintiff's Third Amended Complaint is DISMISSED with leave to amend. If Plaintiff wishes to further pursue this action, he must file a Fourth Amended Complaint no later than **30 days from the date of this Order. The Fourth Amended Complaint must cure the pleading defects discussed above and shall be complete in itself without reference to prior pleadings. See L.R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseding pleading."). This means that Plaintiff must again allege and plead any viable claims that he wishes to retain in the case.**

In any amended complaint, Plaintiff should identify the nature of each separate legal claim, identify the defendant(s) against whom he brings the claim, and confine his allegations to those operative facts supporting each of his claims. Pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." However, Plaintiff is advised that the allegations in the Fourth Amended Complaint should be consistent with the authorities discussed above. In addition, the Fourth Amended Complaint may not include new Defendants or claims not reasonably related to the allegations in the previously filed complaints. Furthermore, Plaintiff shall indicate in what capacity he sues any defendant(s). **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.**

//
//
//
//
//
//
//
//
//
//
//
//

**Plaintiff is explicitly cautioned that failure to timely file a Fourth Amended Complaint, or failure to correct the deficiencies described above, may result in a recommendation that this action, or portions thereof, be dismissed with prejudice for failure to prosecute and/or failure to comply with court orders. See Fed. R. Civ. P. 41(b).** Plaintiff is further advised that if he no longer wishes to pursue this action in its entirety or with respect to particular Defendants or claims, he may voluntarily dismiss all or any part of this action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.

IT IS SO ORDERED.

Dated: October 10, 2017

_____/s/_____
ALKA SAGAR
United States Magistrate Judge